# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-701 & 3D21-761
Lower Tribunal No. 21-5408

_____

**City of Miami,**
Petitioner/Appellant,

vs.

**Miami-Dade County,**
Respondent/Appellee.

A Case of Original Jurisdiction—Prohibition.

A Case of Original Juristiction—Mandamus.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Victoria Méndez, City Attorney, and Eric J. Eves, Assistant City Attorney, for petitioner/appellant.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Annery Pulgar Alfonso, Bruce Libhaber, Debra Herman and Dale P. Clarke, Assistant County Attorneys, for respondent/appellee.

Before SCALES, MILLER and LOBREE, JJ.

PER CURIAM.

In this case, the City appealed an emergency preliminary injunction order entered by the trial court after a March 7, 2021 emergency hearing (case number 3D21-761). The City separately filed a petition in this Court seeking alternate remedies of prohibition and mandamus (case number 3D21-701). We consolidated the cases. We affirm the trial court's temporary injunction, but grant the City's petition and remand with instructions for the trial court, pursuant to section 164.1041(1) of the Florida Statutes, to abate further proceedings until the procedural options of chapter 164 have been exhausted. The controlling case of <u>City of Miami v. Firefighters' & Police Officers' Retirement Trust & Plan</u>, 249 So. 3d 709 (Fla. 3d DCA 2018), provides as follows:

> The only reasonable construction of [section 164.1041(1)] requires the trial court to abate the proceedings until the parties exhaust the procedural options of Chapter 164, even if dispute resolution procedures were not initiated prior to filing suit. . . .
>
> Any other reading would produce absurd results, would permit parties to evade conflict resolution in favor of litigation, frustrating the entire legislative purpose and intent of chapter 164.

<u>City of Miami</u>, 249 So. 3d at 716-17 (remanding case to the trial court to enter temporary injunction coincident with holding, in the same opinion, that the

2

trial court had erred by denying motion to abate as required by section 164.1041(1)).

Preliminary injunction affirmed; petition granted; case remanded with abatement instruction.[1]

---

[1] We express no opinion as to whether the parties' actions occurring after the entry of the March 7, 2021 preliminary injunction order satisfy the procedural options of chapter 164.